IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**LORI ANN WILSON**,

        Plaintiff,

  v.

**UNITED STATES DEPARTMENT OF EDUCATION**, *et al.*,

        Defendant.

Case No.: 3:11-cv-00725-PK

**OPINION AND ORDER**

**SIMON, District Judge**.

On April 24, 2012, Magistrate Judge Paul Papak filed Findings and Recommendations ("F&R") in the above captioned case, Dkt. 58, and referred them to this court. Dkt. 59. Judge Papak recommended granting Defendant the United States Department of Education's ("Defendant" or "DOE") motion to dismiss, Dkt. 43, and dismissing Plaintiff Lori Ann Wilson's ("Plaintiff") claims with prejudice. Plaintiff filed objections and amended objections. Dkt. 60, 62. Defendant filed a response. Dkt. 61.

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

## DISCUSSION

Unless it waives sovereign immunity, the United States is immune from suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States "may waive its sovereign immunity, but any waiver must be unequivocally expressed in statutory text and will not be implied." *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012) (internal quotation marks, citation, and alteration omitted). The "waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011). As relevant to Plaintiff's objections, Congress has provided two limited waivers of sovereign immunity. In the so-called "Little" Tucker Act, 28 U.S.C. § 1346(a)(2), Congress made a limited waiver of sovereign immunity and granted the federal district courts jurisdiction to hear certain constitutional, statutory, and contract claims for amounts up to $10,000. *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009). In the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, Congress waived "the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). A claimant may not bring an action in federal court pursuant to the FTCA's waiver of sovereign immunity, however, until she has exhausted the FTCA's administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

Judge Papak found that the court lacked jurisdiction to hear Plaintiff's claims under both the Little Tucker Act and the FTCA.[1] Judge Papak found that Plaintiff could not bring her claims under the Little Tucker Act because Plaintiff sought more than $10,000 for each claim. F&R at 11-12. In addition, Judge Papak found that the court lacked jurisdiction to hear Plaintiff's claims under the FTCA because Plaintiff failed to establish that she had complied the with FTCA's administrative remedies. F&R at 9.

Plaintiff makes two objections to Judge Papak's F&R. First, she argues that her claims are analogous to the circumstances in two United States Supreme Court cases in which the Court found, in part, that the United States had consented to suit: *United States v. Mitchell*, 463 U.S. 206 (1983), and *United States v. White Mountain Apache Tribe*, 537 U.S. 465 (2003). Those cases, however, addressed the United States' waiver of sovereign immunity under specific statutes—the Tucker Act, 28 U.S.C. § 1491, and the Indian Tucker Act, 28 U.S.C. § 1505—that are not at issue here.[2] The Tucker Act and the Indian Tucker Act provide for a limited waiver of

---

[1] Judge Papak also found that the district court does not have jurisdiction to hear Plaintiff's claims pursuant to tax recovery jurisdiction, 28 U.S.C. § 1346(a)(1). F&R at 10-11. Plaintiff does not object to this finding.

[2] The Tucker Act and the Little Tucker Act both provide for a limited waiver of sovereign immunity for claims founded on the Constitution, federal statutes and regulations, and

Page 3 – OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

sovereign immunity and grant the United States Court of Federal Claims—but not this federal district court—jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because *Mitchell* and *White Mountain Apache Tribe* address statutes that do not give this court jurisdiction, those cases provide no reason to alter Judge Papak's F&R. Plaintiff's first objection is, therefore, denied.

Plaintiff's second objection is that Defendant waived "sovereign immunity and entered the case when it admitted liability, refunded some of the monies it had taken, and admitted that loan was paid in 1988." Pl.'s Objections at 2 (Dkt. 60). DOE's actions, however, cannot waive sovereign immunity: Only Congress "enjoys the power to waive the United States' sovereign immunity." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007). To bring suit in this court, Plaintiff must meet the requirements of statutes, such as the FTCA or the Little Tucker Act, that provide for a waiver of sovereign immunity. Judge Papak found that Plaintiff had not met the requirements of any act providing a waiver of sovereign immunity. Plaintiff's allegations that DOE conceded liability, refunded some money, and admitted that the loan was paid in 1988 do not alter Judge Papak's findings, and they do not establish that Plaintiff complied with any statute providing a waiver of sovereign immunity. Accordingly, Plaintiff's second objection is denied.

---

contract. The Little Tucker Act is limited to claims for $10,000 or less and confers concurrent jurisdiction on both the federal district courts and the Court of Federal Claims. The Tucker Act has no monetary restriction, but confers jurisdiction only on the Court of Federal Claims. *See Doe v. United States*, 372 F.3d 1308, 1312 (Fed. Cir. 2004). The Indian Tucker Act provides tribal claimants with the same access to the Court of Federal Claims as provided to individual claimants in the Tucker Act. *See Mitchell*, 463 U.S. 206, 212 n.8 (1983).

Page 4 – OPINION AND ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

The court has reviewed for clear error the portions of Judge Papak's F&R to which Plaintiff did not object and has found none.

## CONCLUSION

The court **ADOPTS** Judge Papak's F&R, Dkt. 58. Plaintiff's complaint, Dkt. 2, is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 27th day of July, 2012.

/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge